UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RANDALL TODD MOONEY,

    Plaintiff,

v.                                      CIVIL ACTION NO. 2:24-cv-00304

LOGAN COUNTY COMMISSION and
PAUL D. CLEMONS and
MATT CARTER and
NICK TUCKER and
COTY CRUM and
LOGAN COUNTY HOME CONFINEMENT and
MARIE BELCHER and
TIMOTHY C. JOHNSON,

    Defendants.

## **ORDER**

Pending are Defendants' Motions for Judgment on the Pleadings [Docs. 30, 32, 34, 36, 38, 40, 42, 44], all filed September 20, 2024. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&Rs on June 20, 2025. [Docs. 81–83]. Magistrate Judge Tinsley recommended that the Court grant Defendants Logan County Home Confinement, Logan County Commission, Paul D. Clemons, Matt Carter, and Timothy C. Johnson's Motions, and grant in part and deny in part Defendants Coty Crum, Marie Belcher, and Nick Tucker's Motions. [*Id.*]

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C.

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on July 7, 2025. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&Rs [**Docs. 81–83**], **GRANTS** Defendants Logan County Home Confinement, Logan County Commission, Paul D. Clemons, Matt Carter, and Timothy C. Johnson's Motions for Judgment on the Pleadings [**Docs. 30, 32, 34, 38, 40**], and **DISMISSES** the matter against said Defendants. In addition, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants Coty Crum, Marie Belcher, and Nick Tucker's Motions for Judgment on the Pleadings [**Docs. 36, 42, 44**], and **DISMISSES** the following:

1. Plaintiff's § 1983 claims against the named Defendants based upon unspecified violations of the Eighth Amendment.

2. Plaintiff's § 1983 claims against the named Defendants based upon unspecified violations of the Fourteenth Amendment.

3. Plaintiff's § 1983 claims against the named Defendants for illegal search and seizure on or about August 12, 2022.

4. Plaintiff's § 1983 claims against the named Defendants for fabrication of charges in violation of the Fourteenth Amendment.

5. With respect to all Defendants except for Tucker, Plaintiff's § 1983 claim for excessive force on June 22, 2022, in violation of the Fourth Amendment. Plaintiff is permitted to proceed to discovery with respect to this claim against Defendant Tucker.

6. With respect to all Defendants except for Tucker and Crum, Plaintiff's § 1983 claim for illegal search and seizure on June 22, 2022, in violation of the Fourth Amendment. Plaintiff is permitted to proceed to discovery with respect to this claim against Defendants Tucker and Crum.

Furthermore, Plaintiff is permitted to proceed to discovery with respect to his § 1983 claim for First-Amendment retaliation and his § 1983 claim for unreasonable seizure in violation of the Fourth Amendment against Defendant Belcher.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:    July 18, 2025

Frank W. Volk
Chief United States District Judge